Xhuti v. Sessions

BIA
Morace, IJ
A095 378 310

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand seventeen.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>> *Circuit Judges.*

_____

EDIOLI XHUTI,
> *Petitioner,*

v.                                                            16-894
                                                             NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Michael P. DiRaimondo, Melville, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Linda S.
                         Wernery, Assistant Director; Walter
                         Bocchini, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Edioli Xhuti, a native and citizen of Albania, seeks review of a February 24, 2016, decision of the BIA, affirming an August 27, 2014, decision of an Immigration Judge ("IJ") denying Xhuti's motion to reopen. *In re Edioli Xhuti,* No. A095 378 310 (B.I.A. Feb. 24, 2016), *aff'g* No. A095 378 310 (Immig. Ct. N.Y. City Aug. 27, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

In his motion to reopen, Xhuti argued that worsened conditions in Albania for Democratic Party members, such as himself, should excuse the untimely filing of his motion and the untimeliness of the asylum application he would file in reopened proceedings. It is undisputed that Xhuti's 2014 motion to reopen was untimely filed more than two years after

2

the IJ's 2012 order of removal (and grant of withholding of removal) became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). However, the time limitation for filing a motion to reopen does not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i).

The agency reasonably concluded that Dr. Bernd Fischer's declaration did not demonstrate a material change in Albania for Democratic Party members. In re S-Y-G-, 24 I. & N. Dec. 247, 253 (BIA 2007). Dr. Fischer's 2013 declaration discusses the continuation of political unrest, violence, and corruption similar to that described in his 2011 affidavit, which was in the record of Xhuti's underlying proceedings. Although the Socialist Party won a majority of parliamentary seats in Albania in 2013, that alone does not demonstrate that Xhuti is at greater risk of harm, particularly given that Dr. Fischer's statements indicate that political unrest and violence are caused by both political parties and appear to continue no matter which party controls the parliament.

3

Accordingly, because the agency reasonably found that Xhuti did not demonstrate a material change in country conditions in Albania, it did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also In re S-Y-G-*, 24 I. & N. Dec. at 253, 257.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4